IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEONARD WILLIAMS, ) | |
| No. R05138, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-00105-MJR |
| ) | |
| DR. PHIL MARTIN, ) | |
| J. FENOGLIO, ) | |
| S. GODINEZ, ) | |
| CINDY ANDERSON, ) | |
| TERRI ANDERSON, ) | |
| STATE OF ILLINOIS, ) | |
| WEXFIRD HEALTH SERVICES, and ) | |
| NURSE HARDY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), housed at Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on the provision of a diet too high in soy, which has purportedly caused him medical ailments, which in turn have not been properly treated. Plaintiff also invokes supplemental jurisdiction under 28 U.S.C. § 1367(a) to assert companion state law claims for negligence. Plaintiff prays for affirmative injunctive relief, compensatory and punitive damages.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.–** The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil

>action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>>(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>>(2) seeks monetary relief from a defendant who is immune from such relief.

Federal Rule of Civil Procedure 8(a)(2) requires that the claims be stated in a short and plain manner, showing that Plaintiff is entitled to relief, that he has stated a colorable claim. A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although Williams' complaint generally states colorable constitutional claims, it is not clear who Plaintiff intended as the defendants.

Federal Rule of Civil Procedure 10(a) requires the caption of the complaint to include the name of each party. Although the factual allegations of a *pro se* complaint are to be liberally construed (*see* FED.R.CIV.P. 8(e); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009)), the complaint cannot be so vague or indefinite that a defendant cannot fashion a response (*see* FED.R.CIV.P. 12(e)).

The defendants listed in the case caption are: Dr. Phil Martin; J. Fenoglio; S. Godinez; Cindy Anderson; Terri Anderson; the State of Illinois; Wexford Health Services; and Nurse Hardy (Doc. 1, p. 1). Those same eight defendants are listed as defendants in the jurisdictional section of the complaint form (Doc. 1, pp. 1-2). However, Plaintiff's "Statement of the Claim" includes an additional three individuals characterized as defendants: Dr. L. Shicker; Suzann Griswold; and Warden Marc Hodge (Doc. 1. pp. 7-8). The "Standing" section of the complaint and the enumerated counts occasionally mention a defendant by name, but otherwise

refer to the IDOC, CMS, the defendants, state individual defendants, the State and private individuals, physicians and medical staff, and the action/inaction of additional individuals are discussed who are not identified in any manner as defendants.  It is impossible to discern who allegedly did what, and who Plaintiff intends to sue.  For these reasons, the complaint will be dismissed without prejudice and Plaintiff will be given an opportunity to file an amended complaint.  Plaintiff must make clear at all times which defendant(s) he is referring to.  Therefore pronouns and collective names, such as "defendants" should be used with caution.

**IT IS HEREBY ORDERED** that the complaint is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that on or before **April 3, 2014**, Plaintiff shall file an amended complaint (so captioned).  Failure to file an amended complaint by the prescribed deadline will likely result in the dismissal of the action with prejudice.  *See* FED.R.CIV.P. 41(b).  Any amended complaint will also have to undergo a preliminary review pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  March 4, 2014**

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
UNITED STATES DISTRICT JUDGE